IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN PUCKETT (# 14072066), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-2029-D-BN |
| WALMART STORE #5823, ET AL., | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that this action be stayed and administratively closed.

**Background**

Plaintiff Jonathan Puckett, a pretrial detainee at the Dallas County Jail, has filed, pursuant to 42 U.S.C. § 1983, a *pro se* complaint against numerous defendants related to his being slammed to the ground and shot twice by an off-duty Dallas police officer working store security at a Wal-Mart Store located at 6185 Retail Road, in Dallas, Texas, on December 16, 2014 at 12:05 a.m. *See* Dkt. Nos. 3 & 4. The Court received Plaintiff's complaint on June 15, 2015, *see id.*, and after complying with a notice of deficiency as to his *in forma pauperis* ("IFP") motion, *see* Dkt. No. 7, Plaintiff

-1-

was granted leave to proceed IFP on July 10, 2015, *see* Dkt. No. 10. Plaintiff has also answered the Court's questionnaire. *See* Dkt. Nos. 11 & 12.

Through the complaint, as amended by the questionnaire responses, Plaintiff has confirmed to the Court that he is currently detained pretrial on criminal charges that share the same or a very similar factual basis as this civil action. *See* Dkt. No. 12 at 11 ("I am incarcerated for alleged aggravated assault 2nd degree on a public servant, cause no. F1461028, for allegedly cutting an officer who received his wound during body slamming and detaining me against Walmart policy, though while still in Walmart, on 12-16-14 at approx. 12:05 a.m. at 6185 Retail Road Dallas Texas 75231[, a]fter he shot me twice while I was in shock[.]"); *id.* at 15 (confirming that, as of the date her verified his responses, July 14, 2015, he had not been convicted); *see also* Dkt. No. 6 (first motion for the appointment of counsel) at 1 ("I have spoken with ... a number of ... attorneys whom only wish to wait until after my criminal proceedings conclude."). For the alleged violation(s) of his constitutional rights, Plaintiff requests $28 million in compensatory damages, *see* Dkt. No. 12 at 1, and injunctive relief, including that this Court enjoin "cause # F1461028 in the 4th Criminal District Court of Dallas County Texas ... until the conclusion of this civil action," *id.* at 5-6.

The undersigned now concludes that the Court should stay and then administratively close this civil action.

**Legal Standards**

A district court is required to screen a civil action brought by a prisoner – whether he or she is incarcerated or, instead, detained prior to trial – seeking relief

from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), also applicable here, a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough

specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while the Court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, Plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Although a court generally cannot look beyond the pleadings in determining whether claims should be dismissed on initial screening, the pleadings here include

Plaintiff's responses to the Court's interrogatories [Dkt. No. 12], which "become part of a plaintiff's pleadings." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

## Analysis

Under the *Younger* abstention doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas,* No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *see also Younger v. Harris,* 401 U.S. 37, 43-45 (1971). The requirement that a plaintiff prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44. The principles of comity and federalism inspired the policy of preventing federal courts from issuing injunctions or declaratory judgment while state court proceedings were ongoing. *See Kolski v. Watkins,* 544 F.2d 762, 766 (5th Cir. 1977).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.,* 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982))

(internal citations omitted).

To the extent that Plaintiff seeks to enjoin the state criminal proceedings against him, *see* Dkt. No. 12 at 5-6, any such relief "is precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) (citing *Younger*, 401 U.S. at 40-41; *Ballard v. Wilson*, 856 F.2d 1568, 1569-70 (5th Cir. 1988); *Price v. Porter*, 351 F. App'x 925, 927 (5th Cir. 2009) (per curiam)). Moreover, all prerequisites for abstention under *Younger* are met here. There is an ongoing state judicial criminal proceeding that Plaintiff alleges is pending. *See* Dkt. No. 6 at 1; Dkt. No. 12 at 11, 15. A determination by this Court that Plaintiff's arrest was improper would interfere with the state criminal proceedings. And "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) (explaining that, "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff" (citing *Younger*, 401 U.S. at 41)). Finally, Plaintiff has full opportunity to raise his constitutional challenges in the Texas state courts on direct appeal in the event of conviction or through a state habeas writ challenging his detention or conviction. *See DeSpain,* 731 F.2d at 1176*; see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

All three conditions of *Younger* are met in this matter. This Court may refuse

to abstain if an exception applies, but no exception applies here. The Court should abstain from jurisdiction over Plaintiff's claims. *Cf. McCullough v. Crawford*, C.A. No. 2:09-2631-RBH, 2009 WL 4110316, at *4 (D.S.C. Nov. 25, 2009) ("Plaintiff should be able to vindicate his federal constitutional rights during his State criminal proceeding by presenting his evidence and argument that he was not resisting arrest, did not assault a police officer, and that the defendants created false charges against him to cover up their wrongful excessive force. Therefore, *Younger* abstention is appropriate in this case." (citation omitted)).

Faced with the choice, under *Younger*, of staying or dismissing without prejudice, it appears the better option here is to stay. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("[B]ecause his claims may become time-barred by the time the state prosecution has concluded, the district court should have stayed rather than dismissed Gakuba's civil-rights claims." (citations omitted)); *accord Esquibel v. Brian Williamson*, 421 F. App'x 813, 816 (10th Cir. 2010); *Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) (mem.).

To the extent that Plaintiff seeks damages, the United States Court of Appeals for the Fifth Circuit has "held that *Younger* is not applicable to claims for damages." *Boyd*, 575 F. App'x at 519 (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994)). Nevertheless, "a court should stay proceedings in a § 1983 case brought by a pretrial detainee until the related pending criminal case is resolved." *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) (per curiam) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)); *see Mackey*, 47 F.3d at 746 ("At this point[– post-

-7-

arrest but pre-conviction –]it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck[ v. Humphrey*, 512 U.S. 477 (1994)]. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.").

## Recommendation

The Court should stay and then administratively close this case. The Court should instruct Plaintiff (1) to file a motion to reopen the case within 60 days after entry of judgment in his state criminal court case and (2) that the failure to do so will result in the dismissal without prejudice of this case for failure to prosecute and/or comply with a Court order pursuant to Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE