IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JONATHAN PUCKETT § 
(#156317), §
 §
       Plaintiff, §
 § Civil No. 3:15-CV-2029-D
VS. §
 §
WALMART STORE #5823, ET AL., §
 §
       Defendants. §

MEMORANDUM OPINION
AND ORDER

    Plaintiff Jonathan Puckett ("Puckett") appeals to "a higher authority" the magistrate judge's order denying reconsideration of the magistrate judge's previous order denying without prejudice Puckett's motion for court-appointed counsel. The court, construing Puckett's appeal as an objection under Fed. R. Civ. P. 72(a), overrules the objection and affirms the order.

    Judge Horan denied reconsideration of his order denying without prejudice the motion to appoint counsel, citing the court's continued screening of this action under *Heck v. Humphrey*, 512 U.S. 477 (1994), which "prohibits a plaintiff from using a § 1983 suit to challenge the validity of his conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated." *Daigre v. City of Waveland, Miss.*, 549 Fed. Appx. 283, 286 (5th Cir. 2013) (per curiam). As Judge Horan explained in his September 7, 2017 order, "[a]n action presenting claims that are *Heck*-barred is not the rare case in which the claims (or some of those claims) are not only nonfrivolous

but also complex and in which those characteristics, along with the characteristics of the litigant, warrant the appointment of counsel," and therefore "Puckett has failed to show either that the previous order contained manifest errors of law that should be corrected or that newly-discovered evidence supports his motion for reconsideration."

Because Judge Horan's order involves a nondispositive matter, Puckett's objections are governed by Rule 72(a), which provides, in pertinent part, that "[t]he district judge . . . must . . . modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Rule 72(a). "When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003) (Fitzwater, J.).

> "The clearly erroneous standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex.1996) (Fitzwater, J.) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D.Tex.1994) (Fitzwater, J.)) (internal quotation marks omitted). "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks and brackets omitted). "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks omitted). The legal conclusions of the magistrate judge are reviewed *de novo*, and the district judge "reverses if the magistrate judge erred in some respect in [his] legal conclusions." *Id.* (citing *Smith*, 154 F.R.D.

> at 665). "[T]he abuse of discretion standard governs review of that vast area of ... choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (alteration and ellipsis in original) (internal quotation marks omitted).

*Stanissis v. Dyncorp Int'l, LLC*, 2015 WL 5603722, at *1 (N.D. Tex. Sept. 23, 2015) (Fitzwater, J.).

Applying these standards to the order denying reconsideration of the order denying without prejudice court-appointed counsel, the court holds that no part of the order is clearly erroneous or contrary to law. Accordingly, Puckett's objection is overruled, and Judge Horan's September 7, 2017 order denying reconsideration is

AFFIRMED.

October 6, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE